OPINION
{¶ 1} This appeal emanates from two final judgments of the Lake County Court of Common Pleas, ordering appellant, Michael K. Bellamy, to serve maximum consecutive sentences in trial court case numbers 01 CR 000030 and 01 CR 000236. For the reasons that follow, the judgment of the trial court is affirmed.
 {¶ 2} According to the official police version contained in the presentence investigation report, on August 24, 2000, appellant was driving a vehicle westbound on State Route 2. Apparently, when the vehicle attempted to access the Vine Street exit, the vehicle "failed to negotiate the sharp curve and went off the left side of the exit ramp entering the gore which is between State Route 2, the entrance ramp and exit ramp. The [vehicle] continued through the gore and up the embankment to State Route 2 westbound from Vine Street westbound. The [vehicle] went airborne and vaulted over the entrance ramp as well as the guardrail. The [vehicle] then landed nose first into the second medium and began flipping end over end several times before coming to a rest upright. All [five occupants] inside [the vehicle] as well as vehicle parts were ejected during these flips.
 {¶ 3} "***
 {¶ 4} "Willoughby and Eastlake rescue units arrived on [the] scene and attended to all of the injured. Rescue units were unable to find any signs of life out of [Lori] McNulty and she was pronounced dead on the scene. The four males [including appellant] were taken to Lake West Hospital for emergency care. ***"
 {¶ 5} As a result of these events, on April 12, 2001, the Lake County Grand Jury indicted appellant in case number 01 CR 000030 on the following charges: two counts of aggravated vehicular homicide, felonies of the first and second degree, in violation of R.C. 2903.06(A)(1) and (A)(2); three counts of aggravated vehicular assault, felonies of the second degree, in violation of R.C. 2903.08(A)(1); three counts of vehicular assault, felonies of the third degree, in violation of R.C.2903.08(A)(2); two counts of driving while under the influence of alcohol or drugs, misdemeanors of the first degree, in violation of R.C.4511.19(A)(1) and (B)(1); and driving under suspension or revocation, a misdemeanor of the first degree, in violation of R.C. 4507.02(D)(1).
 {¶ 6} Then, on May 2, 2001, according to the official police version contained in the presentence report, appellant was a passenger in a vehicle that was stopped for reckless operation. After the driver was arrested for driving under the influence, appellant was asked to step out of the vehicle and patted down for weapons. When the officer "touched [appellant's] pant leg on the left side, a small baggie fell to the ground. It appeared to be crack cocaine [and appellant] was placed under arrest for possession of a felony drug."
 {¶ 7} Consequently, on May 31, 2001, appellant was indicted in case number 01 CR 000236 by way of information on one count of possession of cocaine, a felony of the fifth degree, in violation of R.C. 2925.11.
 {¶ 8} On June 1, 2001, appellant entered a written plea of guilty to the following charges in case numbers 01 CR 000030 and 01 CR 000236: one count of aggravated vehicular homicide, a felony of the first degree, in violation of R.C. 2903.06(A)(1); one count of vehicular assault, a felony of the third degree, in violation of R.C. 2903.08(A)(2); one count of driving while under the influence of alcohol or drugs, a misdemeanor of the first degree, in violation of R.C. 4511.19(A)(1); and one count of possession of cocaine, a felony of the fifth degree, in violation of R.C. 2925.11. Upon application by the state and for good cause shown, the trial court entered a nolle prosequi to the remaining charges.
 {¶ 9} The trial court formally accepted appellant's pleas through separate judgment entries dated June 5 and 6, 2001, and referred the matter to the probation department for the preparation of a presentence investigation report and victim impact statement.
 {¶ 10} Both case numbers 01 CR 000030 and 01 CR 000236 came on for a sentencing hearing on June 27, 2001. At the close of the hearing, the trial court sentenced appellant to the maximum allowable term of ten years in prison on the aggravated vehicular homicide charge, the maximum term of five years on the vehicular assault charge, and six months on the driving while under the influence of alcohol or drug charge. The trial court ordered the ten-year sentence and the five-year sentence to be served concurrently with each other, while the six-month sentence was to be served consecutive to the ten and five-year sentences. Appellant was also sentenced to an additional term of twelve months for possession of cocaine, which was to be served consecutive to the above sentences.[1]
Thus, the trial court imposed an eleven and one-half year prison term on appellant, which is reflected in the trial court's June 29, 2001 sentencing entries.
 {¶ 11} From this judgment, appellant filed two separate notices of appeal with this court. Given that these matters concern sentencing issues, the two appeals have been consolidated for purposes of disposition. Appellant now submits the following assignments of error for our consideration:
 {¶ 12} "[1.] The trial court erred by sentencing the defendant-appellant to the maximum term of imprisonment on all charges[.]
 {¶ 13} "[2.] The trial court erred to the prejudice of the defendant-appellant when it ordered consecutive sentences[.]"
 {¶ 14} In the first assignment of error, appellant present two separate issues for our review, challenging the imposition of maximum sentences.[2] We will address each issue in turn.
 {¶ 15} Before doing so, we need to articulate the appropriate standard of review. In accordance with R.C. 2953.08, this court reviews a felony sentence de novo. State v. DeFabio (Dec. 21, 2001), 11th Dist. No. 2000-P-0037, 2001 WL 1647169, at 2; State v. Wilson (June 23, 2000), 11th Dist. No. 99-L-026, 2000 WL 816641, at 2. As such, we will not disturb a defendant's sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law. DeFabio at 2; Wilson at 2. "Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." DeFabio at 2. See, also, Wilson at 2.
 {¶ 16} First, appellant maintains that the trial court's findings as to the factors set forth in R.C. 2929.12(D) relating to the likelihood of the offender's recidivism are not supported by the record. Specifically, appellant posits that the trial court did not consider the following factors: (1) appellant's juvenile offenses were status and misdemeanor offenses; (2) the failure of rehabilitation at the juvenile level was in part due to the fact that appellant was never referred to drug treatment or a group home; (3) appellant acknowledged his alcohol problem in the presentence report and was never offered any treatment; and (4) appellant expressed remorse during the presentence interview and at the sentencing hearing.
 {¶ 17} R.C. 2929.12(D) contains a non-exclusive list of factors relating to whether the defendant is likely to be a repeat offender:
 {¶ 18} "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 {¶ 19} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28
or any other provision of the Revised Code for an earlier offense.
 {¶ 20} "(2) The offender previously was adjudicated a delinquent child *** or the offender has a history of criminal convictions.
 {¶ 21} "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child *** or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 {¶ 22} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 {¶ 23} "(5) The offender shows no genuine remorse for the offense."
 {¶ 24} In considering the above factors, the trial court made the following findings during the sentencing hearing as to case number 01 CR 000030:
 {¶ 25} "With regard to factors indicating recidivism is more likely, I find that you [appellant] have a history of criminal convictions or delinquency adjudcations; that you have not responded favorably to previously imposed sanctions; that alcohol and drug abuse is related to this offense, and you deny there's a problem or refuse and have refused treatment over the many years; and that there is no genuine remorse. We're all sorry today that we're here."
 {¶ 26} Likewise, as to case number 01 CR 000236, the trial court made the following findings at the sentencing hearing:
 {¶ 27} "With regard to factors indicating recidivism is more likely, I find that that crime was committed while you were waiting [sic] trial in court on the other serious charges [in case number 01 CR 000030]; I also find the history of criminal convictions or delinquency adjudcations; that you've not responded favorably to previously imposed sanctions; that alcohol and drug abuse is related to the offense and the offender denies that there's a problem or refuses treatment; and that there's no genuine remorse."
 {¶ 28} Upon consideration, we cannot say that the evidence clearly and convincingly demonstrates that the trial court erred in concluding that appellant posed a likelihood of recidivism.
 {¶ 29} According to the presentence investigation report, at the time appellant committed the offenses in case numbers 01 CR 000030 and 01 CR 000236, he was eighteen years old and was no stranger to the juvenile justice system. Appellant's juvenile offenses include assault, several ungovernable charges, criminal damage, numerous probation violations, criminal trespass, theft, and obstructing official business. While appellant contends that these offenses were merely status and misdemeanor offenses, we would note that appellant has been involved in the juvenile justice system since the age of twelve. Apparently, appellant has not responded favorably to previously imposed sanctions, such as probation and juvenile detention. In fact, appellant also has numerous traffic offenses, including driving under suspension and driving without a license.
 {¶ 30} Furthermore, at the time appellant committed the offense of possession of cocaine in case number 01 CR 000236, he was awaiting trial and/or sentencing in case number 01 CR 000030.
 {¶ 31} As to the issue of remorse, appellant advised the probation officer during the presentence investigation interview that he felt regret for what happened on the night of the fatal accident. At the sentencing hearing, appellant proclaimed that he was sorry for what he had done. As for the possession of cocaine charge, appellant had nothing to add. The trial court, however, chose to disbelieve appellant's claims of remorse. "We are mindful that the trial court is in the best position to address the genuineness of a defendant's statement at the sentencing hearing since it has the opportunity to observe the demeanor of the defendant." State v. Lewis, 11th Dist. No. 2001-L-060, 2002 Ohio 3373, at ¶ 18, citing State v. Fails (Nov. 9, 2001), 11th Dist. No. 2000-P-0119, 2001 WL 1402002, at 3.
 {¶ 32} The presentence investigation report also indicates that appellant has a substance abuse problem which was related to all of the offenses at issues. Even under appellant's version of events, he consumed beer and smoked marijuana and wet prior to the fatal accident. According to appellant, he began using alcohol on a daily basis at the age of fourteen. Appellant stated that he "always drank to the point of intoxication[,]" and that "when he did drink he would drink two to two and one-half (2-2 ½) twelve (12) packs a day, or if it was liquor, it would involve a fifth (5th)."
 {¶ 33} While appellant admitted to having a problem with alcohol, "[he] denie[d] any problems with drugs" in spite of the fact that he pled guilty to possession of cocaine. According to appellant, he began using marijuana at the age of fourteen on weekends. His usage "quickly escalated" to daily use between 1998 and 1999. In 1998, appellant began using wet "three to four (3-4) times a day up until he was incarcerated." Appellant also reported using ecstasy "approximately five (5) pills a day up until the accident[,]" and experimenting with LSD and mushrooms.
 {¶ 34} As for treatment, appellant "was never involved in any drug or alcohol treatment ***." "[A]lthough counseling was recommended, [appellant] state[d] he never went to Crossroads while involved in the Juvenile Court system." The reasonable inference from this statement is that appellant was offered counseling but never participated. According to a termination report dated July 12, 2000, from the juvenile court contained in the presentence investigation report, "`[appellant] does not seem to be of the mind set that he needs to change any of his behavior.' *** `[The juvenile] Court has tried nearly every resource available to help [appellant]. [He] apparently does not want this help as he constantly does not make himself available for services.' It should be noted that the Court resources used were the alternative school, license suspension, drug and alcohol assessment, work program, home detention, restitution[.]"
 {¶ 35} The preceding discussion highlights that all five factors listed in R.C. 2929.12(D) apply to appellant. Accordingly, we conclude that the trial court's determination that appellant posed a likelihood of recidivism was supported by the record.
 {¶ 36} Second, appellant challenges the trial court's finding that he committed the worst form of the offense under R.C. 2929.14(C). According to appellant, "[e]veryone in the car had been using alcohol and drugs, had encouraged [appellant] not only to drive, but also to drive extremely fast, and none of the vehicle's occupants [were] wearing a seatbelt. Moreover, [appellant] had no intention of harming any of his friends ***." Appellant also points out that the definitions of vehicular homicide, vehicular assault, and driving under the influence of alcohol or drugs always involve death, serious injury and driving while intoxicated. As to the possession of cocaine charge in case number 01 CR 000236, appellant submits that there were no surrounding circumstances making it the worst form of the offense.
 {¶ 37} R.C. 2929.14(C) provides that the maximum sentence may only be imposed on defendants who fall into one of the four following categories: (1) those who committed the worst forms of the offenses; (2) those who pose the greatest likelihood of committing future crimes; (3) certain major drug offenders; or (4) certain repeat violent offenders. Only one of the four criteria of R.C. 2929.14(C) need be met to impose the maximum sentence. DeFabio at 2; Wilson at 2. Furthermore, a trial court must provide the reason underlying its decision to impose the maximum term. DeFabio at 2.
 {¶ 38} In case number 01 CR 000030, the trial court's judgment entry stated it found appellant met both the first and second categories set forth in R.C. 2929.14(C); that is, appellant committed the worst form of the offense, and he posed the greatest likelihood of recidivism. Likewise, in case number 01 CR 000236, the trial court's judgment entry determined that appellant posed the greatest likelihood of recidivism.
 {¶ 39} Thus, even if we assume, arguendo, that the facts of this case did not constitute the worst form of the offense, the trial court also imposed the maximum sentence pursuant to the second criteria; that is, appellant posed the greatest likelihood of recidivism. Wilson at 4. To justify its determination that appellant posed the greatest likelihood of committing future crimes, the trial court stated the following at the sentencing hearing:
 {¶ 40} "The — the record shows that you've been using alcohol and drugs since, the latest age, 14, and you've got 12 ungovernable and probation violations with juvenile court, criminal damaging conviction, and an assault conviction, two criminal trespassing, three obstructing official business, four no operators licenses and driving under suspension convictions, and expelled from high school in the 9th grade. The record shows that you responded poorly to supervision and you've had 10 warrants for your failure to report as ordered, or to appear as ordered. And the juvenile court even noted that every resource of the Juvenile Court was attempted. You've been to the juvenile detention center ten times for incarceration.
 {¶ 41} "The probation department says that you were very guarded in your responses and not very cooperative in the presentence investigation interview. While all of this is going on and while this case pending, you still found it in yourself to go out and get another driving under suspension in Mentor on February 23rd of this year [2001]. And on May 2nd of this year [2001], in Painesville Township, you had crack cocaine on your person [case number 01 CR 000236]. In that case you were in a car with five occupants, it was being operated recklessly, and the driver was DUI. Well, one would think you probably should have learned a lesson back on August 24th of 2000.
 {¶ 42} "*** No rehabilitation or discipline has worked for you from 1994 to 2000. They've tried alternative school, license suspensions, drug and alcohol assessments, a work program, home detention, restitution, admissions to juvenile detention, and that was everything that they could do. Your — your attorney suggested maybe drug treatment. Well, you have to request treatment and you have to want treatment for it to work. You've had over seven years to get your act together and you haven't. Your partying days are over. This is not Juvenile Court and you're no longer a child."
 {¶ 43} Upon review of the record, we determine that there is ample evidence to support the conclusion that appellant poses the greatest likelihood of committing future crimes. Appellant committed the possession of cocaine offense in case number 01 CR 000236 while he was out on bond in case number 01 CR 000030, which involved the fatal collision. Appellant has an extensive criminal history beginning at the age of twelve, and he has not responded favorably to probation or juvenile detention. While he admits having a problem with alcohol, he "denies any problems with drugs[,]" in spite of the fact that he has used marijuana, wet, LSD, mushrooms, and ecstasy, and pled guilty to possession of cocaine. When offered counseling, appellant declined to participate. Further, appellant has not shown any genuine remorse for the offenses. All of these factors are indicative of the greatest likelihood to recidivate.
 {¶ 44} In summation, the trial court's decision to sentence appellant to the maximum terms for his offenses is amply supported by the record and is not contrary to law. Appellant's first assignment of error is, therefore, without merit.
 {¶ 45} In assignment of error two, appellant challenges the imposition of consecutive sentences, submitting that the trial court misapplied the factors contained in R.C. 2929.14(E)(4), and failed to state its reasons for imposing consecutive sentences as required by R.C.2929.19(B)(2)(c).
 {¶ 46} Before a trial court may impose consecutive sentences, it must make the findings contained in R.C. 2929.14(E)(4) on the record.Lewis at ¶ 8; State v. Norwood (June 8, 2001), 11th Dist. No. 2000-L-072, 2001 WL 635951, at 4. First, the trial court must determine that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" R.C. 2929.14(E)(4). Second, the trial court must find that one of the additional factors listed in R.C. 2929.14(E)(4) is also present: (a) that the offender was awaiting trial or sentencing or was under community control sanctions; (b) that the harm caused by the offenses was so great that a single prison term would not adequately reflect the severity of the conduct; or (c) that the offender's prior criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. Lewis at ¶ 8; Norwood at 4.
 {¶ 47} In case numbers 01 CR 000030 and 01 CR 000236, the trial court complied with R.C. 2929.14(E)(4) by finding in its judgment entries that "consecutive sentences [were] necessary to protect the public from future crime or to punish [appellant] and [were] not disproportionate to the seriousness of [appellant's] conduct and the danger [appellant] poses to the public[.]" In case number 01 CR 000030, the trial court found R.C. 2929.14(E)(4)(a) to be applicable, while in case number 01 CR 000236, the court relied on subsections (a) and (c).
 {¶ 48} As to this, appellant urges that the trial court misapplied the factors contained in R.C. 2929.14(E)(4). In other words, appellant seems to suggest that the record does not support the imposition of consecutive sentences.
 {¶ 49} Specifically, appellant contends that the trial court did not account for many facts surrounding the incident, such as the following: (1) appellant had a juvenile record which contained only status and misdemeanor offenses; (2) the failure of rehabilitation at the juvenile level was in part due to the fact that appellant was never referred to drug treatment or a group home; (3) appellant acknowledged his alcohol problem in the presentence report and was never offered any treatment; (4) appellant expressed remorse during the proceedings below and had no intention of harming his friends; (5) everyone in the vehicle had been using alcohol and drugs, had encouraged appellant to drive extremely fast, and were not wearing a seatbelt; (6) aggravated vehicular homicide, vehicular assault, and driving under the influence always involve death, serious physical harm to the victims, and driving while intoxicated.
 {¶ 50} Accordingly, appellant believes that the above-mentioned factors serve to mitigate his behavior and do not support the imposition of consecutive sentences in case numbers 01 CR 000030 and 01 CR 000236. As such, appellant submits that the trial court erred when it found the factors in R.C. 2929.14(E)(4) applicable.
 {¶ 51} During the sentencing hearing, appellant attempted to mitigate his sentence by citing to relatively the same factors he mentioned above. In other words, appellant advised the trial court of the above-mentioned "mitigating factors." Presumably, the trial court considered this argument and subsequently rejected it when the court imposed consecutive sentences.
 {¶ 52} Nevertheless, after an independent review, we hold that the record supports the imposition of consecutive sentences. As noted in the first assignment of error, appellant is no stranger to the juvenile justice system as he had an extensive criminal history. While appellant was out on bond in case number 01 CR 000030 awaiting trial and/or sentencing for aggravated vehicular homicide, vehicular assault, and driving under the influence, appellant was charged with possession of cocaine in case number 01 CR 000236, and continued to drive while under suspension. Although appellant expressed that he was sorry for what he had done, the trial court chose to disbelieve appellant's claims of remorse.
 {¶ 53} In addition to his lengthy criminal record, appellant has a substance abuse problem. Again, as explained in the first assignment of error, while appellant admits to having a problem with alcohol, he denies such a problem with drugs. According to the presentence investigation report, appellant was offered counseling but never participated. In essence, appellant does not believe he needs to change any of his behavior.
 {¶ 54} We further remind appellant that he pled guilty to aggravated vehicular homicide and vehicular assault in spite of his claim that his friends encouraged him to drive extremely fast and none of the vehicle's occupants were wearing a seatbelt. Finally, the record fails to indicate that appellant was ordered to serve consecutive sentences solely because his crimes involved death, serious physical harm, or driving under the influence.
 {¶ 55} In light of the foregoing circumstances, we believe that the trial court appropriately determined that the factors in R.C.2929.14(E)(4) were applicable to appellant, and that the imposition of consecutive sentences was warranted.
 {¶ 56} Next, appellant submits that the trial court failed to state its reasons for imposing consecutive sentences as required by R.C.2929.19(B)(2)(c).
 {¶ 57} When consecutive sentences are imposed under R.C. 2929.14, the trial court must also comply with R.C. 2929.19(B)(2)(c), which demands that the trial court justify its imposition of consecutive sentences:
 {¶ 58} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 59} " ***
 {¶ 60} "(c) If it imposes consecutive sentences under section2929.14 of the Revised Code, its reasons for imposing the consecutive sentences[.]"
 {¶ 61} In the instant matter, we believe that the following quoted statement from the sentencing hearing demonstrates that the trial court set forth adequate reasons for imposing consecutive sentences in case numbers 01 CR 00030 and 01 CR 000236, as required by R.C. 2929.19(B)(2)(c):
 {¶ 62} "*** I find that your history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime. I would expect that a person awaiting trial for killing one and injuring three others while you're driving under the influence of alcohol and drugs in a horrific crash would be able to follow the law; instead, you still committed another felony. Your actions in committing this new felony while awaiting the trial [in case number 01 CR 000030] on many other serious crimes, eleven counts, is your contempt for society and for the rule of law. You have no genuine remorse and will not get the message until you serve a long prison term. All forms of rehabilitation and leniency have been useless and wasted on you. You must be stopped before you kill or maim someone else and destroy another family."
 {¶ 63} Based on the foregoing analysis, appellant's first and second assignments of error are meritless, and the judgment of the trial court is affirmed.
DONALD R. FORD and ROBERT A. NADER, JJ., concur.
[1] R.C. 2929.14 delineates guidelines for the lengths of prison terms. According to R.C. 2929.14(A)(1), the maximum prison term for a felony of the first degree is ten years, while R.C. 2929.14(A)(3) provides that the maximum prison term for a third degree felony is five years. Additionally, 2929.14(A)(5) sets forth the maximum prison term of twelve months for a felony of the fifth degree.
[2] As an aside, we note that appellant pled guilty to driving while under the influence of alcohol or drugs, a misdemeanor of the first degree. Misdemeanor sentencing is governed by R.C. 2929.22. Given that appellant does not argue that the trial court failed to comply with R.C.2929.22, we limit our analysis accordingly.